IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Marian Cook, | ) | C/A No. 3:17-cv-1391-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Wal-Mart Stores, Inc., Wal-Mart Stores East, LP, Wal-Mart Associates, Inc., and Terrance Doe, | ) ) ) ) | **OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before the Court upon Plaintiff's Motion to Remand. ECF No. 10.

## I. Procedural and Factual History

This is a negligence action for injuries sustained by Plaintiff, a citizen of South Carolina, on September 2, 2016, as a result of a slip and fall at a Wal-Mart Supercenter in Richland County, South Carolina. ECF No. 1-1 at 9–12. The initial Complaint was filed in the Court of Common Pleas for the Fifth Judicial Circuit on March 31, 2017, and alleged claims against various Wal-Mart corporate entities and Defendant Terrance Doe, a manager at the Wal-Mart Supercenter. ECF No. 1-1 at 6–12.

On May 26, 2017, Defendants Wal-Mart Stores, Inc., Wal-Mart Stores East, LP, and Wal-Mart Associates, Inc. (collectively, "Wal-Mart Defendants")[1] filed a Notice of Removal and Answer. ECF Nos. 1, 4. The Wal-Mart Defendants contend that this Court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00). ECF No. 1 at 2. While the Wal-Mart Defendants acknowledge that Defendant Terrance Doe is alleged to be a citizen of the

---

[1] The Wal-Mart Defendants are citizens of both Delaware and Arkansas. ECF No. 8 at 2.

1

State of South Carolina, they argue that Defendant Doe is fraudulently joined and that "his citizenship cannot be used to defeat diversity." ECF No. 1 at 2. Specifically, the Wal-Mart Defendants claim that there is no possibility that Plaintiff would be able to establish a case against Defendant Doe because he "was an assistant manager, not the store manager, of the subject store and did not maintain a level of control over the premises sufficient to render him liable for the Plaintiff's alleged incident." ECF No. 1 at 3.

On June 23, 2017, Plaintiff filed a Motion to Remand, arguing that the Wal-Mart Defendants "cannot show that Defendant Terrance Doe was fraudulently joined, and therefore this case does not meet the complete diversity requirement of 28 U.S.C. § 1332, and removal was improper." ECF No. 10 at 1. Plaintiff contends that "[t]he South Carolina Supreme Court has held that a store manager can be held personally liable to customers injured on store premises where he has some control of the premises. ECF No. 10 at 4 (citing *Richards v. Great Atl. & Pac. Tea Co.*, 83 S.E.2d 917 (S.C. 1954); *Dunbar v. Charleston & W.C. Ry. Co.*, 44 S.E.2d 314 (S.C. 1947)). Plaintiff points to a number of factual allegations in his Complaint that address Defendant Doe's purported "duty to reasonably inspect, repair, replace, direct, regulate, govern, administer and oversee the safety of Wal-Mart Supercenter's premise[s]." ECF No. 10 at 6 (citing ECF No. 1-1 at 8). Additionally, Plaintiff references his allegations that Defendant Doe was "negligent in, *inter alia*: allowing a dangerous, unsafe and defective condition to remain on the premises; failing to have proper guides or warning signals to notify patrons of a hazardous condition; and failing to adequately train and supervise [his] employees or agents in matters related to safety." ECF No. 10 at 6 (citing ECF No. 1-1 at 10).

The Wal-Mart Defendants filed a response in opposition, claiming that "Defendant Terrance Doe was not a store manager with the subject Walmart store at the time of the alleged

2

incident." ECF No. 13 at 5. Instead, the Wal-Mart Defendants aver that Defendant Terrance Doe was an assistant manager who had limited authority over an area of the store when he was present for a work shift." ECF No. 13 at 5. Therefore, according to the Wal-Mart Defendants, "Defendant Terrance Doe did not maintain the level of control required under South Carolina law to be bound by an affirmative duty to maintain safe premises within the entire store," and "to the extent that Plaintiff asserts the claim of negligent supervision against Defendant Terrance Doe instead of against only Walmart, it is clear that Plaintiff has no possibility of prevailing on any cause of action against him." ECF No. 13 at 4–5.

Plaintiff's reply to the response in opposition to the motion to remand asserts that the "Wal-Mart Defendants have not presented any affidavit testimony or other evidence of Defendant Terrance Doe's alleged limited authority." ECF No. 14 at 2. Thus, Plaintiff asks the Court to accept his well-pled allegations as true and remand the case to State Court. ECF No. 14 at 3.

Thereafter, the Wal-Mart Defendants filed an Amended Memorandum in Opposition to Plaintiff's Motion to Remand. ECF No. 15. This filing contains substantially the same argument as the Wal-Mart Defendants' prior Memorandum in Opposition, *see* ECF No. 13, but includes the affidavit of Randall Donofrio—the store manager at the Wal-Mart in question. ECF No. 15-1. The affidavit states that Defendant Doe[2] was a front-end assistant manager on the date of the incident, and, in that role, "managed a limited area of the store only during his assigned shift." ECF No. 15-1 at 1. The affidavit further states that Defendant Doe was never a store manager. ECF No. 15-1 at 1.

---

[2] The parties have subsequently identified Defendant Doe as Terrance Jenkins. *See, e.g.,* ECF No. 1 at 3.

Plaintiff filed a Memorandum in Reply to Walmart's Amended Memorandum in Opposition to Plaintiff's Motion to Remand, in which he contends that the Walmart Defendants' affidavit is untimely and cannot be considered by the Court in evaluating the Motion to Remand. ECF No. 17.

## II. Legal Standard

Federal courts are courts of limited jurisdiction and, as such, may only hear and decide cases when they have been given the authority to do so by the Constitution and by federal statute. *In re Bulldog Trucking, Inc.*, 147 F. 3d 347, 352 (1998). The right to remove a case to federal court derives solely from 28 U.S.C. § 1441, which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." However, "[a] civil action otherwise removable solely on the basis of [diversity] jurisdiction under [28 U.S.C. § 1332(a)] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

The fraudulent joinder doctrine will permit a defendant to remove a case to federal court despite the presence of another non-diverse defendant. *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). "To establish fraudulent joinder, the removing party must show either: (1) outright fraud in the plaintiff's pleading of jurisdictional facts, or (2) that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." *Toney v. LaSalle Bank Nat. Ass'n*, 36 F. Supp. 2d 657, 663 (D.S.C. 2014) (citing *Benjamin v. Wal-Mart Stores, Inc.*, 413 F. Supp. 2d 652, 654 (D.S.C. 2006)). "The second means for establishing fraudulent joinder is even more favorable to a plaintiff than the standard

for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Id.* (citing *Hartley v. CSX Transp. Inc.*, 187 F.3d 422, 424 (4th Cir. 1999)). "A plaintiff does not have to show he will prevail against the defendant." *Id.* "He must only show that he has a slight possibility of succeeding." *Id.* (citing *Hartley*, 187 F.3d at 426). If the plaintiff can show this glimmer of hope, the defendant is properly joined." *Id.* Indeed, "[b]ecause removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citation omitted). "If federal jurisdiction is doubtful, a remand is necessary." *Id.*

## III. Analysis

The Wal-Mart Defendants do not make any claims of "outright fraud" by Plaintiff. Thus, the key issue before the Court is whether there is any possibility that Plaintiff could establish a cause of action against Defendant Doe. *Toney*, 36 F. Supp. 2d at 663. As discussed below, and construing the factual allegations in the light most favorable to Plaintiff, the Court finds that Plaintiff has a possibility of succeeding on her claims. Therefore, a remand to state court is appropriate.

In order to establish a claim for negligence, Plaintiff must present evidence of a legal duty of care owed by Defendant Doe to her, a breach of that duty by a negligent act or omission, and damages that were proximately caused by that breach. *Benjamin v. Wal-Mart Stores, Inc.*, 413 F. Supp. 2d 652, 655 (D.S.C. 2006). "'The Court must determine, as a matter of law, whether the law recognizes a particular duty. An affirmative legal duty to act exists only if created by statute, contract, relationship, status, property interest, or some other special circumstance.'" *Id.* (quoting *Cowburn v. Leventis*, 619 S.E.2d 437, 451 (S.C. Ct. App. 2005)). "Under South Carolina law, a store owner is held to a higher standard to protect customers

5

invited into his store. While not an insurer of the safety of his customers, a store owner owes a duty to keep aisles and passageways in a reasonably safe condition and is liable for any injury resulting from the breach of this duty." *Id.* (internal citation omitted) (citations omitted). This duty includes a duty to inspect and remove debris that could cause an invitee to fall. *Id.* (citing *Hunter v. Dixie Home Stores*, 101 S.E.2d 262, 265 (S.C. 1957)). Additionally, "a party who operates a premises but is neither an owner nor a lessee may also have a duty of reasonable care with respect to an allegedly dangerous condition." *Id.* (citing *Dunbar v. Charleson & W.C. Ry. Co.*, 44 S.E.2d 314, 317 (S.C. 1947)). "Such liability depends upon *control*, rather than ownership of the premises." *Id.* "In considering whether an individual has exercised such control of the premises so as to impose a duty to reasonably inspect the premises, a court will generally consider the individual's power or authority to manage, direct, superintend, restrict, regulate, govern, administer, or oversee the management of the property." *Id.* at 655–56 (citing 65A C.J.S. *Negligence* § 388).

While the Supreme Court of South Carolina has never directly addressed what level of control a manager or employee must exercise to be personally liable, several District of South Carolina cases have recently addressed the issue. The Wal-Mart Defendants rely extensively on *Benjamin v. Wal-Mart Stores, Inc.*, 413 F. Supp. 2d 652 (D.S.C. 2006), which also involved a slip and fall at a Wal-Mart. In *Benjamin,* the Honorable Patrick Michael Duffy, United States District Judge for the District of South Carolina, dismissed two non-diverse individual defendants and denied the plaintiff's motion to remand, noting "[t]here are no allegations that [defendant] negligently hired, trained or supervised his employees at Wal-Mart. Also . . . there are no allegations that [defendants] exercised a sufficient amount of control to impose a legal duty to inspect and maintain safe premises." *Id.* at 657. However, other cases have found that

6

the plaintiff *did* allege sufficient control to warrant a remand to state court. *See, e.g., Griggs v. Dollar Gen. Corp.*, Case No. 4:15-cv-04600-RBH, 2016 WL 70017, at *4 (D.S.C. Jan. 6, 2016) (remanding a case in light of the plaintiff's allegation that the individual defendant, "by virtue of her position as acting manager, had a sufficient degree of control over the Dollar General store such that she had a duty to exercise reasonable care to remedy the allegedly dangerous wet conditions at the front entrance that resulted in Plaintiff's fall").

Turning to the facts of this case, as an initial matter, the parties dispute whether it is proper for the Court to consider the belated affidavit offered by the Wal-Mart Defendants. A removing defendant must set forth a short and plain statement of the grounds for removal. 28 U.S.C. § 1446(a). When removal is based on fraudulent joinder, the grounds for removal must be alleged with particularity and must be "proved by clear and convincing evidence." *Rinehart v. Consolidation Coal Co.*, 660 F. Supp. 1140, 1141 (N.D. W. Va 1987). To that end, the Fourth Circuit Court of Appeals has held that "[i]n order to determine whether an attempted joinder is fraudulent, the court is not bound by the allegations in the pleadings, but may instead 'consider the entire record, and determine the basis of joinder by any means available.'" *AIDS Counseling & Testing Ctrs. v. Grp. W Television, Inc.*, 903 F.2d 1000, 1004 (quoting *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964)). In light of this liberal standard for reviewing fraudulent joinder, the Court will consider the affidavit.

Turning to the merits of the fraudulent joinder claim, the Court agrees with other courts that have addressed this issue that a legal duty cannot be imposed merely by a defendant's status as a manager. "To hold otherwise would expose lower management and hourly employees to burdensome personal liability every time an individual is injured within a store." *Benjamin*, 413 F. Supp. 2d at 656. However, this simply means that the Court must evaluate the particular

7

allegations made against employee-defendants in order to determine the level of control exercised by the employee. It does not mean that a lower level employee or assistant manager cannot be potentially liable in the appropriate case.

Here, there is a factual dispute about Defendant Doe's scope of employment and ability to control the premises. Plaintiff has alleged that Defendant Doe "was a manager at the Wal-Mart Supercenter" who "exercised significant control and direction over the Wal-Mart Supercenter and had a duty to reasonably inspect, repair, replace, direct, regulate, govern, administer, and oversee the safety of Wal-Mart Supercenter's premise[s]." ECF No. 1-1 at 8. Plaintiff further alleges that Defendant Doe was negligent, willful, wanton, and grossly negligent by, inter alia: (1) "failing to properly maintain and inspect the placement of the entryway mats, thus making it unsafe for the use of the Plaintiff and others invited therein"; (2) failing to have proper guides or warning signals to notify patrons of the dangerous, unsafe and hazardous condition"; (3) "failing to train and supervise [his] employees or agents"; and (4) "failing to timely remedy dangerous conditions existing on the premises." ECF No. 1-1 at 10–11. In fact, Plaintiff alleges these, and many other, negligent acts and omissions against all Defendants. This comports with the well-established concept of joint and several liability, which permits a store employee who exercises sufficient control to be sued along with the store for injuries to an invitee. *Owens v. Dolgencorp, Inc.*, Case No. 5:08-cv-0467-MBS, 2008 WL 11348726, at *2 (D.S.C. Oct. 22, 2008). "Liability in this situation depends upon control, rather than ownership." *Id.*

In contrast, the Wal-Mart Defendants contend that Defendant Doe "was employed as a front-end assistant manager"[3] and "managed a limited area of the store only during his assigned shift." ECF No. 15-1 at 1. However, the Wal-Mart Defendants do not offer any evidence to directly contradict Plaintiff's allegation that Defendant Doe exercised sufficient control over the area where the fall occurred[4] and that Defendant Doe failed to properly supervise employees. Instead, the Wal-Mart Defendants ask this Court to exercise jurisdiction based on their contention that Defendant Doe "was never employed as Store Manager." ECF No. 15-1 at 1. This is precisely the type of argument that *Benjamin*'s detailed recitation of South Carolina law warned against—resolution of the question of duty based on a defendant's job title. Therefore, the Court finds this case to be distinguishable from *Benjamin*, as Plaintiff has named Defendant Doe as a party defendant as a result of his specific acts of alleged negligence, which are independent of his employment position. *See Mack v. Wal-Mart Stores, Inc.*, Case No. 1:07-cv-3105-RBH, 2007 WL 3177000, at *3 (D.S.C. Oct. 26, 2007) (distinguishing *Benjamin* on similar grounds).

Thus, having reviewed the Complaint and the record, the Court finds that the Wal-Mart Defendants have not met their burden of demonstrating that there is no possibility that Plaintiff can establish a cause of action against Defendant Doe.[5] Therefore, because Plaintiff and

---

[3] To the extent the factual dispute over Defendant Doe's title is material at this procedural posture, this Court must resolve all factual disputes in favor of Plaintiff. *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 233 (4th Cir. 1993).

[4] Indeed, the Complaint alleges that the fall happened at the front end of the store. ECF No. 1-1 at 9.

[5] The parties do not raise the applicability of 28 U.S.C. § 1441(b)(1), which states, "in determining whether a civil action is removable on the basis of the jurisdiction under [28 U.S.C. § 1332(a)], the citizenship of defendants sued under fictitious names shall be disregarded." Nonetheless, this Court has the responsibility to examine jurisdictional questions sua sponte.

Defendant Doe are both citizens of the State of South Carolina, there is no basis for diversity jurisdiction.

**IV.     Conclusion**

For the foregoing reasons, Defendants have not demonstrated that this Court has subject matter jurisdiction over this case. Therefore, the Court grants Plaintiff's Motion to Remand. Because this Court does not have jurisdiction, Plaintiff's request to serve Defendant Doe by publication, *see* ECF No. 16, is moot.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>United States District Judge

January 10, 2018
Spartanburg, South Carolina

---

While Defendant Doe was sued in a fictitious name, the parties now agree that Defendant Doe's proper name is Terrance Jenkins. Several of our sister courts have declined to apply Section 1441(b)(1) when the identity of the fictitious defendant is known. *See Fin & Feather Chalets, LLC v. S. Energy Homes, Inc.*, Case No. 13-6082, 2014 WL 2506498, at *4–5 (E.D. La. June 3, 2014). In accord with that approach, this Court declines to apply Section 1441(b)(1).